Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| EL PUEBLO DE PUERTO RICO<br><br>Apelado<br><br>Vs.<br><br>ISMAEL DÍAZ HERNÁNDEZ<br><br>Apelante | KLAN202400322 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Crim. Núm.<br>C IS2022G0038<br>C IS2022G0039<br>C LE2023G0124<br><br>Sobre:<br>ART. 133-A C. P. (2 CASOS)<br>ART. 2.8 LEY 54<br>ENM. A: TENT. ART. 3.2 LEY 54 |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de enero de 2025.

Comparece Ismael Díaz Hernández mediante *Apelación Criminal* y solicita la revisión de la *Sentencia* emitida el 7 de marzo de 2024, por el Tribunal de Primera Instancia, Sala de Arecibo. Mediante el referido dictamen, el foro primario sentenció al apelante a 15 años de prisión por cometer dos delitos de actos lascivos contra una menor mediante la modalidad de sentencia suspendida.

Por los fundamentos que expondremos a continuación, se *confirma* el dictamen apelado.

**-I-**

Los hechos básicos del caso no están en controversia. La prueba de cargo fue a los efectos de que, en la noche del 12 de mayo de 2022 la parte apelante aprovechó la convalecencia de su hijastra por Covid-19, acudió a la habitación de la menor para verificar la temperatura corporal de esta, introdujo su mano por

debajo de la camisilla, o "sports bra" de la menor, frotó la parte inferior del seno de la menor. Seguido metió su mano por la ropa interior de la menor, y tocó varias veces la vagina de su hijastra. El apelante regresó a su habitación. La menor testificó haberse sentido mal y describió el acto como "algo sucio".

El 19 de junio de 2022, la parte apelante llevó a la menor, en su vehículo, a la parte posterior de cierto *Subway*. Estacionó el automóvil, e inmediatamente comenzó a tocar con fuerza los senos de la menor. La menor resistió tanto de forma verbal como física, pero el apelante continuó, colocó su mano sobre la vagina de la menor, ejerció presión con su mano sobre la vagina, y comentó que, "eso estaba caliente". Ante el reparo de la menor, el apelante le recordó que "ya lo había hecho una vez", y que podía de nuevo, ya que, se "veía enferma".[1]

El apelante fue procesado criminalmente por dos acusaciones de actos lascivos en contra de una menor. Las acusaciones presentadas por el Ministerio Público leen:

> El referido acusado, Ismael Díaz Hernández, entre la noche y el día 12 de mayo de 2022, y la madrugada del 13 de mayo de 2022, y en Arecibo, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de Arecibo, ilegal, voluntaria y criminalmente, sin intentar consumar el delito de agresión sexual (Art. 130 del Código Penal), sometió a la menor SOAP, a propósito, con conocimiento o temerariamente, a un acto que tendió a despertar, excitar o satisfacer la pasión o deseos sexuales del imputado, teniendo la victima 15 años de edad. Consistente en que el acusado frotó con su mano los senos y le tocó la vagina [a] la menor en más de una ocasión por dentro de su ropa interior.

> El referido acusado, Ismael Díaz Hernández, para el día 19 de junio de 2022, y en Barceloneta, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de Arecibo, ilegal, voluntaria y criminalmente, sin intentar consumar el delito de agresión sexual (Art. 130 del Código Penal), sometió a la menor SAOP, a propósito, con conocimiento o temerariamente, a un acto que tendió a despertar, excitar o satisfacer la pasión o deseos sexuales del imputado, teniendo la víctima 15 años de edad.

---

[1] TPO, Pág. 38.

> Consistente en que el acusado frotó con su mano y apretó por debajo de la ropa interior los senos de la menor en mas de una ocasión. Luego, presionó con su mano por encima de la ropa la vagina de la menor, mientras manifestaba que eso estaba caliente.

Tras el juicio por tribunal de derecho el apelante resultó convicto por los cargos presentados por el ministerio público. Las sentencias totalizaron 15 años de reclusión bajo el régimen de sentencia suspendida, la pena especial por cada cargo, y el registro del nombre del apelante en el Registro de Ofensores Sexuales de Puerto Rico.

Inconforme, el apelante comparece ante este tribunal y señala los siguientes errores:

> Incidió el Tribunal de Primera Instancia de Puerto Rico, Sala Superior de Arecibo, cuando declaró culpable y convicto al acusado-apelante de los delitos dos (2) artículos 133 del código penal, a pesar de que la prueba de cargo no estableció su culpabilidad más allá de duda razonable y fundada en violación a derecho constitucional del debido proceso de ley.

Contamos con la postura de las partes, además de la transcripción del juicio en su fondo, de cuyos testimonios hicimos alusión previamente. Por lo que, estamos en posición de resolver el presente recurso.

### -II-

### -A-

Como imperativo constitucional, en todos los procesos criminales el acusado disfruta del derecho a gozar de la presunción de inocencia. Art. 2, Sec. 11, Const. E.L.A., LPRA Tomo 1, ed. 2008, pág. 343. La norma quedó estatutariamente incorporada en la Regla 304 de Evidencia que dispone la presunción de inocencia de una persona ante todo delito o falta hasta quedar demostrado lo contrario. 32 LPRA Ap. VI R. 304.

En *Pueblo v. Pagán Medina,* 175 DPR 557, 567-568 (2009), el Tribunal Supremo de Puerto Rico describió la presunción de inocencia como "el pilar del sistema penal puertorriqueño del cual

surgen derechos corolarios". La garantía constitucional a la presunción de inocencia acompaña al imputado de delito desde el inicio de la acción penal hasta el fallo o veredicto de culpabilidad. E. Chiesa, *Derecho Procesal Penal de Puerto Rico y Estados Unidos*, Vol. II, pág. 111 (Forum 1992).

El peso de probar la culpabilidad de un acusado más allá de duda razonable recae en el Estado. *Pueblo v. García Colón I*, 182 DPR 129, 177 (2011). La prueba presentada por el Estado debe ser suficiente en derecho y producir "certeza o convicción moral en una conciencia exenta de preocupación o en un ánimo no prevenido". *Pueblo v. Irizarry*, 156 DPR 780, 786-787 (2002); *Pueblo v. Bigio Pastrana*, 116 DPR 748, 761 (1985),

El término "duda razonable" no es otra cosa que la existencia de insatisfacción o intranquilidad con la prueba de cargo presentada en la conciencia del juzgador de los hechos. *Pueblo v. Cabán Torres*, 117 DPR 645, 652 (1986). Debido a que la duda razonable es un principio consustancial con la presunción de inocencia y constituye uno de los imperativos del debido proceso de ley, en aquellos casos donde en la mente del juzgador existen dudas en cuanto a la culpabilidad del acusado, procede su absolución. *Pueblo v. De León Martínez*, 132 DPR 746, 764 (1993).

Ahora bien, la duda que justifica la absolución de un acusado además de razonable debe surgir de una consideración serena, justa e imparcial de toda la evidencia del caso o de la falta de suficiencia de prueba en apoyo de la acusación. *Pueblo v. Malavé Sánchez*, 95 DPR 395, 399 (1967). La determinación de prueba suficiente para evidenciar más allá de duda razonable la culpabilidad del acusado es una cuestión de raciocinio, producto de todos los elementos de juicio del caso y no una mera duda especulativa o imaginaria. *Pueblo v. García Colón I*, supra, pág. 175.

Lo anteriormente, no implica que para demostrar la culpabilidad de un acusado se debe destruir toda duda posible ni que tenga que establecerse la culpabilidad con exactitud matemática. Meras discrepancias no justifican el que surja una duda razonable sobre la culpabilidad del acusado. *Pueblo v. Irlanda Rivera*, 92 DPR 753, 760 (1965).

En nuestro ordenamiento jurídico, las Reglas de Evidencia permiten que un hecho pueda probarse mediante evidencia directa y/o indirecta o circunstancial. De acuerdo con el inciso (h) de la Regla 110 de Evidencia, 32 LPRA Ap. VI, R. 110, evidencia directa es aquella que prueba el hecho en controversia sin que medie inferencia o presunción alguna y que, de ser cierta, demuestre el hecho de modo concluyente. El inciso (d) de la Regla señala que "la evidencia directa de una persona testigo que merezca entero crédito es prueba suficiente de cualquier hecho, salvo que otra cosa se disponga por ley".

De otra parte, la evidencia circunstancial es aquella que tiende a demostrar el hecho en controversia probando otro distinto, del cual, por sí, o en unión a otros hechos ya establecidos, puede razonablemente inferirse el hecho en controversia. Regla 110 (h) de Evidencia, *supra*. La prueba circunstancial es tan suficiente como la prueba directa para evidenciar cualquier hecho, incluso para sostener una convicción criminal. *Admor. F.S.E. v. Almacén Ramón Rosa*, 151 DPR 711, 719-720 (2000); *Pueblo v. Castro Cruz*, 90 DPR 206, 212 (1964).

Así las cosas, es el Estado quien debe presentar prueba directa o circunstancial para establecer los elementos del delito imputado y la conexión del acusado con éste, ya que la omisión de probar elementos necesarios impide que se configure dicho delito. De ocurrir la omisión, no procedería una convicción, independientemente de la credibilidad que la prueba le haya

merecido al juzgador de los hechos. *Pueblo v. Colón Castillo,* 140 DPR 564, 581 (1996).

*-B-*

En cuanto a la credibilidad de un testigo, debemos tener en mente que la misma se pone en juego cuando éste incurre en contradicciones e inconsistencias. Es al jurado o al juez de primera instancia a quien corresponde resolver la credibilidad de un testigo cuando haya partes de su testimonio que no sean aceptables e incluso sean increíbles. Después de todo, "no existe el testimonio 'perfecto', el cual, de ordinario, en lugar de ser indicativo de veracidad, es altamente sospechoso por cuanto, por lo general, es producto de fabricación." *Pueblo v. Cabán Torres, supra*, pág. 656.

La credibilidad consiste en una asignación valorativa de certeza o probabilidad sobre una versión de los hechos o acontecimientos incidentales al caso. El Juez o Jurado están llamados a hacer este ejercicio valorativo sobre la totalidad de la prueba, y requiere valerse del sentido común, la lógica y la experiencia para deducir cuál de las versiones, si alguna, prevalece sobre las otras. Los criterios que guían la evaluación de la prueba en un juicio son idénticos a aquellos que utilizamos en la vida cotidiana, tales como el comportamiento, y el carácter de quienes dan su versión de los hechos, la parcialidad que pueda afectarles, la naturaleza de la declaración y otros. *Pueblo v. Colón Burgos*, 140 DPR 564, 578 (1996).

*-C-*

El artículo 133 del Código Penal, 33 LPRA sec. 5194, codifica el delito de actos lascivos. Una de sus modalidades es que "la víctima al momento del hecho es menor de dieciséis (16) años de edad". Artículo 133 (a) del Código Penal, *supra.* El delito de actos lascivos castiga cualquier acto impúdico o lascivo de una persona a otra, sin el consentimiento de esta última, y tiende a despertar,

excitar o satisfacer la impudicia, la pasión o los deseos sexuales del sujeto activo. El acto puede consistir en el contacto con el cuerpo de la víctima u obligar o inducir a ésta a realizar actos sobre la persona del imputado para excitar o satisfacer los deseos sexuales de este. *Pueblo v. Lugo Fabre*, 179 DPR 125, 135-136 (2010).

El bien jurídico protegido por el delito de actos lascivos es la libertad sexual, pues resguarda aquella la libertad de ejercicio de la propia sexualidad y la disposición del propio cuerpo. F. Muñoz Conde, *Derecho Penal: Parte Especial*, Decimoquinta edición, Valencia, Editorial Tirant lo Blanch, 2004, pág. 206. En el caso de los menores, puesto que carecen de autonomía para ejercer esta libertad, lo que se pretende proteger es la libertad futura, concretada en la normal evolución y desarrollo de su personalidad. *Íd.*, pág. 207.

### -D-

La determinación de culpabilidad del acusado más allá de duda razonable es revisable en apelación, debido a que la apreciación de la prueba desfilada en un juicio es un asunto combinado de hecho y de derecho. *Pueblo v. Irizarry*, *supra*, pág. 788.

En casos de naturaleza penal la función revisora del Tribunal de Apelaciones consiste en evaluar si se derrotó la presunción de inocencia del acusado y si su culpabilidad fue demostrada por el Estado, más allá de duda razonable, luego de haberse presentado "prueba respecto a cada uno de los elementos del delito, su conexión con el acusado y la intención o negligencia criminal de este último." *Pueblo v. Acevedo Estrada*, 150 DPR 84, 99 (2000).

Sin embargo, la apreciación de la prueba descansa en el juzgador de los hechos, y los tribunales apelativos no

intervendremos con la misma a menos que exista error manifiesto, pasión, prejuicio o parcialidad. *Pueblo v. Irizarry, supra,* págs. 788-789. Las determinaciones que hace el juzgador de los hechos no deben ser descartadas arbitrariamente ni tampoco deben sustituirse por el criterio del foro apelativo, a menos que de la prueba admitida surja que, no existe base suficiente que apoye tal determinación. *Pueblo v. Acevedo Estrada, supra,* pág. 99.

Claro está, el juzgador de hechos podría equivocarse en la apreciación de la prueba que realiza. Por ello, los foros apelativos pueden intervenir con tal apreciación cuando de una evaluación minuciosa surjan "serias dudas, razonables y fundadas, sobre la culpabilidad del acusado". *Pueblo v. Santiago,* 176 DPR 133, 148 (2009).

### -*III*-

En su recurso, el apelante alega que el Estado no probó su culpa más allá de duda razonable, según lo exige la Constitución.

El apelante señala que el testimonio de la menor es inconsistente, y por ello, no alcanzó el valor probatorio requerido para probar más allá de duda razonable su culpabilidad por los delitos encausados.

Reconocemos que, el testimonio de la menor no fue preciso sobre algunas cuestiones incidentales. Esto es comprensible, porque se trató de conducta repetida, inusual, e impactante, que, se extendió por unas semanas. Las incongruencias señaladas por el apelante en el testimonio de la menor, en este caso, no constituyen, como tal, prueba que desvirtúe el testimonio de la menor sobre cada uno de los elementos de delito y su conexión con el apelante. Lo que es importante es que, quedó demostrado que, los incidentes ocurrieron, y que autor directo de los actos ilícitos fue la parte apelante.

Luego de examinar el récord, entendemos que la prueba es suficiente para sostener las condenas contra el apelante. A base del testimonio de la menor, la juzgadora de los hechos pudo razonablemente concluir que, el apelante había incurrido en, cuando menos, dos instancias separadas de actos lascivos. Tampoco existe controversia en torno a que, durante todos los períodos relevantes, la víctima era menor de 16 años. En el presente caso, los cargos contra el apelante están sostenidos por el testimonio de la menor.

La norma es que, la declaración de un testigo que sea creído por el juzgador de los hechos es suficiente para establecer cualquier hecho. *Pueblo v. Rodríguez Román*, 128 DPR 121, 128 (1991); Regla 110(d) de las de Evidencia, *supra*.

También es norma que, la existencia de algunas inconsistencias en la declaración de un testigo no justifica que se rechace el testimonio en su totalidad, sobre todo si aparece corroborado en cuanto a otros particulares. *Pueblo v. Pagán Ortiz*, 130 DPR 470, 483 (1992). El testimonio de la menor fue consistente, y no varió en cuanto ninguno de los elementos esenciales que establecieron el fundamento sobre el cual quedó sostenida la sentencia apelada.

Reconocemos que, no existen testimonios perfectos, al contrario, cuando una declaración parece serlo, ello es "altamente sospechoso por cuanto, por lo general, es producto de la fabricación." *Pueblo v. Cabán Torres*, *supra*, pág. 656.

Debe recordarse que, el Tribunal de Primera Instancia está en mejor posición que este Tribunal para evaluar la prueba testifical, y adjudicar la credibilidad a los testigos que han desfilado ante sí. *Pueblo v. Chévere Heredia*, 139 DPR 1, 15 (1995); *Pueblo v. Falcón Negrón*, 126 DPR 75, 80 (1990).

En nuestra jurisdicción tampoco es requerido algún tipo de verificación o corroboración sobre la denuncia inicial echa por la menor ante las autoridades pertinentes. Como vimos, tanto la denuncia como la acusación pasaron el crisol del procedimiento criminal en el cual los derechos fundamentales del apelante fueron respetados. Agregue que, el Ministerio Público cumplió con su carga probatoria más allá de duda razonable, luego de haber presentado "prueba respecto a cada uno de los elementos del delito, su conexión con el acusado y la intención o negligencia criminal de este último". *Pueblo v. Acevedo Estrada*, *supra*, pág. 99.

Finalmente, no detectamos algún indicio de pasión, prejuicio, parcialidad o error manifiesto en las actuaciones de la juzgadora de los hechos. En consecuencia, no intervendremos con la valoración de la prueba por parte del foro juzgador.

### -*IV*-

Por los fundamentos antes expuestos, que se hacen formar parte de este dictamen, *confirmamos* la sentencia apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

El juez Rivera Colón concurre sin voto escrito.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones